O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNDREA OLIPHANT,                       )<br>                                        )<br>            Plaintiff,                 )<br>                                        )<br>       vs.                             )<br>                                        )<br>CAROLYN W. COLVIN,                      )<br>Acting Commissioner of Social Security, )<br>                                        )<br>            Defendant.                 )<br>_____ ) | CASE NO. CV 14-05844 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

        Plaintiff Undrea Oliphant seeks review of the Social Security Commissioner's determination that she is not disabled.  The Administrative Law Judge found that Plaintiff had tendinitis in the left shoulder rotator cuff and osteoarthritis in both knees, and that she was morbidly obese, had a bipolar disorder and a history of substance abuse. [AR 17] Although she could not perform any of her past relevant work [AR 26], she retained the capacity to perform light work with certain additional non-exertional limitations [AR 21], and this capacity allowed her to work at other jobs which existed in plentiful numbers in the economy.  [AR 26-27]  Hence, the Administrative Law Judge concluded, she was not disabled.  [AR 27]

        In this Court, Plaintiff urges only that the three jobs which the Administrative Law Judge concluded she could perform — office helper, cashier, and storage facility clerk — exceed her functional capacity.  She asserts that the job descriptions for each, as found

in the Labor Department's DICTIONARY OF OCCUPATIONAL TITLES, have requirements in excess of her capacity to function that the Administrative Law Judge found she retained. The Commissioner takes issue only as to the job of office helper. Hence, this appeal has a very narrow focus.

The DICTIONARY is a source frequently relied upon by the Commissioner, *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990), but a vocational expert's testimony can trump that source, if the vocational expert says that he is testifying differently from the conclusions of the Labor Department, and explains why. *Light v. Social Security Administration*, 119 F.3d 789, 793 (9th Cir. 1997). Here, however, the vocational expert stated that her testimony was consistent with the definitions in the DICTIONARY [AR 55], and that her testimony was not modified at all by her own experience. [AR 56]. Hence, the issue is cleanly framed: Does the DICTIONARY's definition of the job of office helper fit within Plaintiff's residual functional capacity as found by the Administrative Law Judge?

The Administrative Law Judge found that Plaintiff had the capacity to perform light work, and was able to stand or walk 4 hours in an 8 hour period. He also found that she was "limited to performing simple routine repetitive tasks involving low stress tasks with occasional changes in work setting. She can have frequent superficial, non-confrontational, no arbitration and no negotiation type of contact with the public and co-workers." [AR 21] Plaintiff says that she could not perform the job of office helper because it would require her to stand for six hours in an eight hour day, she would not be able to sit for six hours in an eight hour day, would not be able to reach overhead, and would have to have interactions with co-workers that could be confrontational.

The main description of the job provides:

> Performs any combination of following duties in business office of commercial or industrial establishment: Furnishes workers with clerical supplies. Opens, sorts, and distributes incoming

mail, and collects, seals, and stamps outgoing mail. Delivers oral or written messages. Collects and distributes paperwork, such as records or timecards, from one department to another. Marks, tabulates, and files articles and records. May use office equipment, such as envelope-sealing machine, letter opener, record shaver, stamping machine, and transcribing machine. May deliver items to other business establishments [DELIVERER, OUTSIDE (clerical) 230.663-010]. May specialize in delivering mail, messages, documents, and packages between departments of establishment and be designated Messenger, Office (clerical). May deliver stock certificates and bonds within and between stock brokerage offices and be designated Runner (financial).

DICTIONARY no. 239.567-010. There is nothing in this description that requires standing for six hours, or that prohibits sitting for six hours. While one of the characteristics attendant to the job is listed as "frequent" reaching — meaning between one-third and two-thirds of the time — there is no indication that the reaching is overhead reaching. The requirement for interaction with people, in the domain of "Speaking-Signaling" is said to be "Not Significant." On its face, therefore, there is nothing in the description or its characteristics which is inconsistent with the capacity found by the Administrative Law Judge. And, if there were any doubt about the fit between Plaintiff's residual functional capacity and the job of office worker, the vocational expert testified that Plaintiff could perform that job. The vocational expert is, after all, an expert. *See Bayliss v. Barnett,* 427

///
///
///
///

F.3d 1211, 1218 (9th Cir. 2005) ("A VE's recognized expertise provides the necessary foundation for his or her testimony.  Thus, no additional foundation is required.").

The decision of the Commissioner is affirmed.

DATED:  April 20, 2015

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE